USDC SCAN INDEX SHEET

















JRL    12/27/05    15:10

3:05-CV-02340   FILION V. ETHAN ALLEN RETAIL

*1*

*CMP.*

1  Timothy D. Cohelan, Esq., SBN 60827
   Isam C. Khoury, Esq., SBN 58759
2  Michael D. Singer, Esq., SBN 115301
   COHELAN & KHOURY
3  605 C Street, Suite 200
   San Diego, CA 92101-5305
4  TEL:  (619) 595-3001
   FAX:  (619) 595-3000
5
   Mark L. Miller, Esq.
6  LAW OFFICES OF MARK L. MILLER
   2341 Jefferson St., #100
7  San Diego, CA 92110
   TEL:  (619) 574-0551
8  FAX:  (619)574-6243
9  Attorneys for Plaintiff Laura Filion
   on behalf of herself and all others similarly situated,
10

**FILED**

**05 DEC 23 PM 1:55**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

11              UNITED STATES DISTRICT COURT

12         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  LAURA FILION, on behalf of herself and all others similarly situated, | ) CASE NO. **05 CV 2340 H  JMA** |
| 14 | ) |
| | ) **CLASS ACTION COMPLAINT FOR** |
| 15              Plaintiffs, | ) **DAMAGES, INJUNCTIVE RELIEF, AND** ) **RESTITUTION** |
| | ) |
| 16 | ) **1) Failure to Reimburse Expenses (Lab.** ) **Code, § 2802)** |
| 17         v. | ) |
| | ) **2) Failure to pay Overtime Wages (Lab.** ) **Code, §§ 1194)** |
| 18 | ) |
| 19  ETHAN ALLEN RETAIL INC., a Delaware Corporation; and DOES 1 through 100, Inclusive, | ) **3) Failure to Provide Meal Periods or** ) **Compensation in Lieu Thereof (Lab. Code,** |
| 20 | ) **§§ 226.7; IWC Orders; Cal. Code Regs.,** ) **Title 8, § 11070)** |
| |              Defendants. | ) |
| 21 | ) **4) Failure to Provide Rest Periods or** |
| 22 | ) **Compensation in Lieu Thereof (Lab. Code,** ) **§§ 226.7, 512; IWC Orders; Cal. Code** |
| 23 | ) **Regs., Title 8, § 11070)** ) |
| 24 | ) **5) Breach of Oral Contract for Failure to** ) **Provide Meal Periods** |
| 25 | ) |
| 26 | ) **6) Breach of Oral Contract for Failure to** ) **Provide Rest Breaks** |
| 27 | ) |
| | ) **7) Violations of the Unfair Competition** |
| 28 | ) **Law (Bus. & Prof. Code, §§ 17200-17208)** ) |

CLASS ACTION COMPLAINT

1

**8) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions (Lab. Code, § 226(b))**

**9) Failure to Timely Pay Wages Due at Termination (Lab. Code, §§ 201, 202, 203)**

## DEMAND FOR JURY TRIAL

Plaintiff LAURA FILION, on behalf of herself and all others similarly situated, complains and alleges as follows:

### I.

## INTRODUCTION

1.     This case arises out of the failure to reimburse employees for work-related expenses, failure to pay overtime compensation and failure to provide rest and meal periods to certain California employees of defendant ETHAN ALLEN RETAIL, INC. (hereinafter "EAR" or "Defendants"). The proposed plaintiff Class consists of persons classified as Design Consultants and other similarly situated employees of Defendants' who, during the Class Period, incurred expenditures or losses as a direct result of their employment with Defendant, but were not reimbursed for those expenditures or losses.

2.     The Labor Code § 1194 Sub-Class includes all Class members who, although performing non-exempt functions for the Defendants, were mis-classified as exempt employees and not paid overtime compensation. The Labor Code § 203 Sub-Class includes Class members that ended their employment for the Defendants during the Class Period, but who were not timely paid wages as required by Labor Code §§ 201-203. Such Plaintiff Sub-Class members are additionally entitled to penalties pursuant to California Labor Code § 203. The Meal Period Sub-Class includes Class Members who were denied meal periods and commensurate pay under Labor Code § 226.7. The Rest Period Subclass includes Class Members who were denied rest periods and commensurate pay under Labor Code § 226.7. The Breach of Oral Agreement Sub-Class members includes members whose oral agreements to be provided meal periods, rest breaks, or premium pay in lieu thereof were breached by Defendants.

3.     As used herein, the term "Plaintiff" includes LAURA FILION, who is the named

2

1    Plaintiff Class representative; the term "Plaintiff Class" includes the Plaintiff and all Plaintiff

2    Class members; the term "non-exempt" refers to the Plaintiff and Plaintiff Class members who

3    incurred losses and expenditures as a result of their employment duties, and paid salaries but not

4    properly exempt from the lawful requirement to be paid overtime compensation by the

5    Defendants.

6        4.       Plaintiff seeks compensation for work performed and monies due herself and the

7    Plaintiff Class and Sub Classes during the "Class Period," which is defined as four years prior to

8    the filing of this action through the trial date, based upon information and belief that the

9    Defendants are continuing, and will continue, their unlawful practices as described herein.

10                                         **II.**

11                        **JURISDICTION AND VENUE**

12       5.       On information and belief, the United States District Court, Southern District of

13   California has jurisdiction in this matter according to 28 U.S.C. § 1332 because: 1) the

14   Defendant is not a citizen of this state, but does conduct business in good standing within the

15   State of California on a regular basis; 2) the Plaintiff is a citizen of California); and 3) exclusive

16   of interests and costs, the liability to the class is likely to exceed the statutory minimum of

17   $5,000,000.

18       6.       Venue is proper in this United States District Court, Southern District, because,

19   upon information and belief, Defendants own and operate retail stores physically located within

20   the Southern District, thus providing the Southern District with personal jurisdiction over the

21   Defendants.

22                                        **III.**

23                               **THE PARTIES**

24   **A.    The Plaintiffs**

25       7.       Plaintiff LAURA FILION is a former employee of the Defendants and an

26   employee entitled to expense reimbursements, overtime compensation, rest and meal period

27   compensation, and penalties for failure to pay wages owed at termination from the Defendants.

28   Plaintiff LAURA FILION was employed in the State of California by the Defendants as a Design

                                             3

1  Consultant as of the date four years prior to the commencement of this action and through the
2  present.

3       8.       Each of the Plaintiff Class members are identifiable, similarly situated persons
4  who were employed as "Design Consultants" and other similarly situated positions include all
5  other job titles or descriptions primarily engaged in non-exempt duties as more fully described
6  below.

7       9.       Other Plaintiff Sub-classes are comprised of Defendants' employees who were not
8  provided rest and/or meal periods or paid premium pay in lieu thereof.

9  **B.    The Defendants**

10      10.      Plaintiff is informed and believes and thereon alleges that EAR is a Delaware
11 corporation with its principal place of business in Danbury, Connecticut, and is and was the
12 employer of the Plaintiff and the members of Plaintiff Class and Sub-Classes during the Class
13 Period.

14      11.      Plaintiff is ignorant of the true names, capacities, relationships and extent of
15 participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through
16 100, inclusive, but on information and belief alleges that said Defendants are legally responsible
17 to reimburse Plaintiff and Plaintiff Class members for expenditures or losses they incurred in the
18 performance of their job duties. Moreover, said Defendants are legally responsible for the
19 payment of overtime compensation, rest and meal period compensation and/or Labor Code §§
20 203 and 558 penalties to the Plaintiff Class members by virtue of their unlawful practices, and
21 therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to
22 allege the true names and capacities of the DOE Defendants when ascertained.

23      12.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant
24 acted in all respects pertinent to this action as the agent of the other Defendants, carried out a
25 joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each
26 Defendant are legally attributable to the other Defendants.

27 ///
28 ///

4

## IV.

## GENERAL ALLEGATIONS

13.     California Labor Code § 2802, provides that an employee may bring an action to be indemnified by the employer for any expenditures or losses incurred as a consequence of the discharge of the employee's duties or obedience to the directions of the employer. Employees are also entitled to recover interest and attorney's fees.

14.     California Labor Code § 1194, provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their overtime compensation, including interest thereon, reasonable attorneys fees, and costs of suit.

15.     Further, Business and Professions Code § 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code § 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

16.     During all, or a portion, of the Class Period, Plaintiff and each member of the Plaintiff Class were employed by Defendants and each of them, in the State of California.

17.     During the Class Period, Plaintiff and each Plaintiff Class member incurred expenditures or losses as a direct result of discharging their duties and obedience to the direction of the Defendants. Plaintiff informed Defendants of these expenditures and losses, but Defendants unlawfully and willfully refused to indemnify the Plaintiff and the Plaintiff Class members.

18.     Plaintiff and each Plaintiff Class member were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, including Wage Order 7-2001 ("Wage Orders"), and Labor Code § 510, and/or other applicable wage orders, regulations and statutes, and each Plaintiff Class member was not subject to an exemption for executive, administrative and professional employees, which imposed an obligation on the part of the Defendants to pay Plaintiffs and Plaintiff Class members lawful overtime compensation,

5

1  and denied rest and meal period compensation.

2      19.    During the Class Period, Defendants were obligated to pay Plaintiff and the

3  Plaintiff Class overtime compensation for all hours worked over eight (8) hours of work in one

4  (1) day or forty (40) hours in one week. Defendant regularly required Plaintiff and the Plaintiff

5  Class to work overtime hours and to be on call and engaged to wait without overtime

6  compensation

7      20.    Plaintiff and each Plaintiff Class member primarily performed non-exempt work

8  in excess of the maximum regular rate hours set by the IWC in the above Wage Orders,

9  regulations or statutes, and therefore entitled the Plaintiff and Plaintiff Class members to

10  overtime compensation at time and a half rate, and when applicable, double time rates as set forth

11  by the above Wage Orders, regulations and/or  statutes.

12      21.    Class members who ended their employment during the Class Period, but were

13  not paid the above due overtime compensation timely upon the termination of their employment

14  as required by Labor Code §§201-203, are entitled to penalties as provided by California Labor

15  Code § 203.

16      22.    During the Class Period, the Defendants, and each of them, required the Plaintiff

17  and Plaintiff Class members to work overtime without lawful compensation, in violation of the

18  various above applicable Wage Orders, regulations and statutes, and the Defendants: (1) willfully

19  failed and refused, and continue to fail and refuse to pay lawful overtime compensation to the

20  Plaintiff Class members; and (2) willfully failed and refused, and continue to fail and refuse to

21  pay wages promptly when due upon termination of employment to each of the Plaintiff Sub

22  Class Members.

23      23.    During the Class Period, the Defendants, and each of them, required members of

24  the Plaintiff Class to work without being given paid ten minute rest periods for every four hours

25  or major fraction thereof worked and without being given a 30-minute meal period for work

26  periods of over five hours and second 30-minute meal periods for shifts of at least ten hours

27  during which Plaintiff Class members were relieved of all duties and free to leave the premises,

28  nor did Defendants pay any Class member one hour's pay at the employee's regular rate of pay

1  as premium pay compensation for failure to provide rest and/or meal periods.

2      24.    During the Class Period, the Defendants, and each of them, breached their oral

3  agreement with Plaintiff and Plaintiff Class members to provide meal periods, rest breaks, or

4  premium pay in lieu thereof.

5      25.    Class member Design Consultants, and other similarly situated employee

6  positions are primarily engaged in non-exempt functions. They are not employed to manage

7  Defendants' enterprise in managerial duties. They do not perform work related to Defendants'

8  general business operation but primarily perform functions related to the product or service

9  provided by Defendants and do not exercise discretion and/or independent judgment to be

10  exempt in an administrative capacity. Hence, the work performed by the so-called "Design

11  Consultants" and other similarly situated employee positions is not exempt work but rather is

12  non-exempt customer support work.

13                                      **V.**

14                      **CLASS ACTION ALLEGATIONS**

15      26.    Plaintiff brings this action on behalf of herself and all other similarly situated

16  persons, as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. The class which

17  Plaintiff seeks to represent is composed of and defined as follows:

18         <u>Plaintiff Class</u>: All of Defendants' California Design Consultants and other
           similarly situated employee positions employed by defendant on or after four
19         years prior to the commencement of this action ("Relevant Time Period") who
           incurred expenditures or losses in direct consequence of the discharge of the
20         employee's duties or obedience to the directions of the Defendants.

21      27.    Further, Plaintiff brings this action on behalf of herself and all other similarly

22  situated persons in a Sub-Class of the Plaintiff Class, which is composed of and defined as

23  follows:

24         <u>Plaintiff Sub-Class</u>: All of Defendants' California Design Consultants and other
           similarly situated employee positions during the Relevant Time Period, who were
25         not paid the legally requisite overtime rate for all hours worked in excess of eight
           (8) hours per workday and/or forty (40) hours per workweek.

26

27      28.    Further, Plaintiff brings this action on behalf of herself and all other similarly

28  situated persons in a Sub-Class of the Plaintiff Class, which is composed of and defined as

                                         7

1  follows:

2       Plaintiff Sub-Class: All of Defendants' California Design Consultants and other
        similarly situated employee positions during the Relevant Time Period, from
3       whom Defendant deprived the requisite meal periods and payments under Labor
        Code § 226.7.

4

5       29.    Further, Plaintiff brings this action on behalf of herself and all other similarly

6  situated persons in a Sub-Class of the Plaintiff Class, which is composed of and defined as

7  follows:

8
        Plaintiff Sub-Class: All of Defendants' California Design Consultants and other
9       similarly situated employee positions, and related positions, during the Relevant
        Time Period, from whom Defendant deprived the requisite rest periods and
10      payments under Labor Code § 226.7.

11      30.    Further, Plaintiff brings this action on behalf of herself and all other similarly

12 situated persons in a Sub-Class of the Plaintiff Class, which is composed of and defined as

13 follows:

14      Plaintiff Sub-Class: All of Defendants' California Design Consultants and other
        similarly situated employee positions, during the Relevant Time Period, as to
15      whom Defendants breached their oral agreement to provide meal periods or
        premium pay in lieu thereof.
16
        31.    Further, Plaintiff brings this action on behalf of herself and all other similarly
17
   situated persons in a Sub-Class of the Plaintiff Class, which is composed of and defined as
18
   follows:
19
        Plaintiff Sub-Class: All of Defendants' California Design Consultants and other
20      similarly situated employee positions, during the Relevant Time Period, as to
        whom Defendants breached their oral agreement to provide rest breaks, or
21      premium pay in lieu thereof.

22      32.    Further, Plaintiff brings this action on behalf of herself and all other similarly

23 situated persons in a Sub-Class of the Plaintiff Class, which is composed of and defined as

24 follows:

25      Plaintiff Sub-Class: All of Defendants' California Design Consultants and other
        similarly situated employee positions, during the Relevant Time Period, as to
26      whom Defendant failed to provide accurate itemized wage statements under Labor
        Code § 226(b).
27
        33.    Plaintiff reserves the right under Federal Rules of Civil Procedure, Rule 15, to
28

---

8

CLASS ACTION COMPLAINT

1  amend or modify the Class description with greater specificity or further division into subclasses

2  or limitation to particular issues.

3    34.    This action has been brought and may be maintained as a class action pursuant to

4  Federal Rules of Civil Procedure, Rule 23 because there is a well-defined common interest of

5  many persons and it is impractical to bring them all before the court.

6      a.    Pursuant to Rule 23(a)(1), the Plaintiff Class and Plaintiff Sub-Class

7  members are so numerous that the individual joinder of all such plaintiffs is impractical. While

8  the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes there

9  are over 100 class members. Therefore, joinder of all Plaintiff Class and Plaintiff Sub-Class

10  members is impractical.

11      b.    Pursuant to Rule 23(a)(2), common questions of law and fact exist as to

12  the Plaintiff, Plaintiff Class and Plaintiff Sub-Class members, and predominate over any

13  questions which affect only individual members of the Plaintiff Class and Sub-Class. These

14  common questions include, but are not limited to:

15      (1)    Whether Plaintiff and Plaintiff Class members are entitled to be

16  reimbursed by Defendants for expenditures and losses incurred as a direct result of their

17  employment with Defendants;

18      (2)    Whether Plaintiff and Plaintiff Class members are entitled to

19  overtime compensation from the Defendants under the applicable IWC Wage Orders, regulations

20  and statutes, or whether each member of the Plaintiff Class is "exempt" from the requirements of

21  overtime compensation as set forth in the applicable Wage Orders, regulations and statutes;

22      (3)    Whether the Class members as a Class primarily performed non-

23  exempt related functions and spent less than 50% percent of their time performing exempt

24  functions;

25      (4)    Whether Defendants failed to provide proper rest and meal periods

26  or appropriate premium pay in lieu thereof;

27      (5)    Whether Defendants breached their oral agreement by failing to

28  provide meal periods, rest breaks, or appropriate premium pay in lieu thereof;

9

CLASS ACTION COMPLAINT

1                     (6)     Whether the Defendants violated Unfair Competition Law,

2 Business and Professions Code § 17200, et seq., by their practices as alleged herein;

3                     (7)     Whether Defendants violated section 1174 of the Labor Code by

4 failing to keep accurate records of the Plaintiff Class members' hours of work;

5                     (8)     The effect upon and the extent of any injuries sustained by the

6 Plaintiff Class and Plaintiff Sub-Class members and appropriate type and/or measure of

7 damages;

8                     (9)     Whether the Class is entitled to waiting time penalties under Labor

9 Code section 203;

10                   (10)     The amount of restitution owed by the Defendants attributable to

11 their violation of the Unfair Competition Law by failure to pay overtime compensation to the

12 class members, and other wage violations;

13                   (11)     The appropriateness and nature of relief to each Plaintiff Class and

14 Sub-Class member;

15                   (12)     The appropriate nature of class wide equitable relief; and

16                   (13)     The extent of liability of each Defendant, including DOE

17 Defendants, to each Plaintiff Class and Sub-Class member.

18           c.     Plaintiff is a member of the Plaintiff Class and at least one Plaintiff Sub-

19 Class, and her claims are typical of the claims of the Plaintiff Class and Sub-Class members

20 pursuant to Rule 23(a)(3). Plaintiff and all members of the Plaintiff Class and Plaintiff Sub-

21 Classes sustained similar injuries and damages arising out of Defendants' common course of

22 conduct in violation of the law as alleged herein.

23           d.     Pursuant to Rule 23(a)(4), Plaintiff will adequately and fairly protect the

24 interests of the members of the Plaintiff Class and Plaintiff Sub-Class. Plaintiff was not

25 reimbursed by Defendant for expenditures and losses she incurred as a direct result of fulfilling

26 her duties or obedience to the direction of Defendants, and she is therefore an adequate

27 representative for the Plaintiff Class and Plaintiff Sub-Class, as she has no interest adverse to the

28 interests of the absent class members. Plaintiff is represented by legal counsel who have

CLASS ACTION COMPLAINT

1   substantial class action experience in civil litigation and employment law.

2          e.    A class action is superior to other available means of fair and efficient

3   adjudication of the claims of the Plaintiff Class and Plaintiff Sub-Class members, since joinder of

4   all members of the Plaintiff Class and Plaintiff Sub-Classes is impractical.  Class action

5   treatment will allow a large number of similarly situated persons to prosecute their common

6   claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of

7   effort and expense that numerous individual actions would cause to such plaintiffs or to the court

8   system. Further, the damages of many individual class members may be relatively small, and the

9   burden and expenses of individual litigation would make it difficult or impossible for individual

10  members of the class to seek and obtain relief, while a class action will serve an important public

11  interest.  Further, individual litigation would present the potential for inconsistent or

12  contradictory judgments.

13      35.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

14  management of this action that would preclude its maintenance as a class action.

## VI.

### VIOLATIONS ALLEGED

### FIRST CAUSE OF ACTION

### FAILURE TO REIMBURSE EXPENSES

**(Plaintiff and each Plaintiff Class member against each Defendant)**

20      36.    Plaintiff incorporates paragraphs 1 through 35 of this complaint, as if fully alleged

21  herein.

22      37.    Pursuant to California Labor Code § 2802, Defendants are required to fully

23  reimburse Plaintiff and other members of the class, for all out-of-pocket expenses incurred by

24  them in the performance of their job duties, including but not limited to, (1) transportation costs

25  relating to mileage, parking and toll roads; (2) cellular and other telephone costs related to the

26  selling of Defendants' products and/or services. Plaintiff and the members of the class she seeks

27  to represent were employed by Defendants in a sales capacity which required them to incur said

28  expenses in the performance of their job duties.

11

1    38.    For the four (4) year period preceding the filing of this Complaint, Plaintiff and

2 the members of the class have been required to personally incur and pay for these expenses in the

3 discharge of their employment duties, all without reimbursement from Defendants.

4    39.    Defendants have a policy of regularly and consistently refusing to reimburse

5 Plaintiff and the members of the class for such expenses, in violation of California law.

6    40.    As a proximate result of the aforementioned violations, Plaintiff and the members

7 of the class have been damaged in an amount according to proof at the time of trial, but in an

8 amount in excess of the minimum jurisdiction of this Court.

9    41.    Pursuant to Labor Code § 2802, Plaintiff and the members of the class are entitled

10 to recover from Defendants the full amount of the expenses they incurred in the performance of

11 their job duties, plus interest, reasonable attorney's fees and costs of suit.

12    Wherefore, Plaintiff and the Plaintiff Class members request relief as hereinafter prayed

13 for.

14                    **SECOND CAUSE OF ACTION**

15                    **FAILURE TO PAY OVERTIME WAGES**

16        **(Plaintiff and each Plaintiff Class member against each Defendant)**

17    42.    Plaintiff incorporates paragraphs 1 through 41 of this complaint as if fully alleged

18 herein.

19    43.    Plaintiff and the Plaintiff Class members were regularly required to work

20 overtime hours and are entitled to overtime compensation for overtime work performed for the

21 Defendants, in an amount according to proof.  Pursuant to Labor Code § 1194, the Plaintiff Class

22 members seek the payment of all overtime compensation which they earned and accrued after

23 four (4) years prior to filing of this complaint, according to proof.

24    44.    Additionally, Plaintiff and Plaintiff Class members are entitled to attorneys' fees,

25 and costs, pursuant to California Labor Code § 1194 and prejudgment interest.

26    Wherefore, Plaintiff and the Plaintiff Class members request relief as hereinafter prayed

27 for.

28 ///

                                    12

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Plaintiff and each Plaintiff Class and Sub-Class member against each Defendant)**

45.     Plaintiff incorporates paragraphs 1 through 44 of this complaint as if fully alleged herein.

46.     Plaintiff and Plaintiff Class members are entitled to an hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC wage orders, in an amount according to proof.  Pursuant to Labor Code § 226.7, the Plaintiff Class members seek the payment of all meal period compensation which they are owed beginning four (4) years prior to filing of this complaint, according to proof.

47.     Additionally, Plaintiff and Plaintiff Sub-Class members are entitled to attorney's fees, and costs, and prejudgment interest.

Wherefore, Plaintiff and the Plaintiff Sub-Class members request relief as hereinafter prayed for.

### FOURTH CAUSE OF ACTION

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Plaintiff and each Plaintiff Class and Sub-Class member against each Defendant)**

48.     Plaintiff incorporates paragraphs 1 through 47 of this complaint as if fully alleged herein.

49.     Plaintiff and Plaintiff Class members are entitled to an hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC wage orders, in an amount according to proof.  Pursuant to Labor Code § 226.7, the Plaintiff Class members seek the payment of all rest period compensation which they are owed beginning four (4) years prior to filing of this complaint, according to proof.

50.     Additionally, Plaintiff and Plaintiff Sub-Class members are entitled to attorney's fees, and costs, and prejudgment interest.

Wherefore, Plaintiff and the Plaintiff Sub-Class members request relief as hereinafter prayed for.

13

CLASS ACTION COMPLAINT

1

## FIFTH CAUSE OF ACTION

2

**BREACH OF ORAL CONTRACT FOR FAILURE TO PROVIDE MEAL PERIODS**

3

**(Plaintiff and each Plaintiff Class and Sub-Class member against each Defendant)**

4    51.    Plaintiff incorporates paragraphs 1 through 50 of this complaint as if fully alleged

5    herein.

6    52.    Plaintiff and Defendants entered into an oral agreement in which Defendants

7    orally promised to provide Plaintiff and Plaintiff Class members meal periods or compensation in

8    lieu thereof, according to California Law.

9    53.    Plaintiff performed all conditions, covenants and promises required on her part to

10   be performed in accordance with the terms and conditions of the oral agreement.

11   54.    Defendants breached the oral agreement by failing to provide Plaintiff and

12   Plaintiff Class members meal periods. Further, Defendants breached the oral agreement when

13   they failed to pay an hour's pay to the Plaintiff and Plaintiff Class members for missed meal

14   periods in violation of California law.

15   55.    As a proximate result of Defendants' breach of the oral agreement, Plaintiff has

16   suffered damages in an amount according to proof at time of trial.

17   Wherefore, Plaintiff, Plaintiff Class and the Plaintiff Sub-Class members request relief as

18   hereinafter prayed for.

19

## SIXTH CAUSE OF ACTION

20

**BREACH OF ORAL CONTRACT FOR FAILURE TO PROVIDE REST BREAKS**

21

**(Plaintiff and each Plaintiff Class and Sub-Class member against each Defendant)**

22   56.    Plaintiff incorporates paragraphs 1 through 55 of this complaint as if fully alleged

23   herein.

24   57.    Plaintiff and Defendants entered into an oral agreement in which Defendants

25   orally promised to provide Plaintiff and Plaintiff Class members rest breaks or compensation in

26   lieu thereof, according to California Law.

27   58.    Plaintiff performed all conditions, covenants and promises required on her part to

28   be performed in accordance with the terms and conditions of the oral agreement.

14

1    59.    Defendants breached the oral agreement by failing to provide Plaintiff and

2    Plaintiff Class members rest breaks. Further, Defendants breached the oral agreement when they

3    failed to pay an hour's pay to the Plaintiff and Plaintiff Class members for missed rest breaks in

4    violation of California law.

5    60.    As a proximate result of Defendants' breach of the oral agreement, Plaintiff has

6    suffered damages in an amount according to proof at time of trial.

7    Wherefore, Plaintiff, Plaintiff Class and the Plaintiff Sub-Class members request relief as

8    hereinafter prayed for.

9    ### SEVENTH CAUSE OF ACTION

10    ### VIOLATIONS OF THE UNFAIR COMPETITION LAW

11    **(Plaintiff and each Plaintiff Class and Sub-Class member against each Defendant)**

12    61.    Plaintiff incorporates paragraphs 1 through 60 of this complaint as if fully alleged

13    herein.

14    62.    The failure to pay lawful overtime compensation and rest and meal period pay to

15    each Plaintiff Class member, and timely pay all pay due upon termination of employment to each

16    Plaintiff Sub-Class member, is an unlawful and unfair business practice within the meaning of

17    Business and Professions Code § 17200, et seq., including but not limited to a violation of the

18    applicable State of California Industrial Welfare Commission Wage Orders, regulations and

19    statutes, or is otherwise a practice which is otherwise unfair and unlawful, including that the

20    Defendants did not pay tax contributions on the accrued overtime compensation in the form of

21    FICA, Social Security, Medicare and Unemployment Insurance.

22    63.    This cause of action is brought under Business and Professions Code §§ 17203

23    and 17204, commonly called the Unfair Competition Law.  Under this cause of action and

24    pursuant to Business and Professions Code § 17208, Plaintiff and all Plaintiff Class members

25    seek restitution of overtime wages and rest and meal period pay owed and where applicable

26    penalties under Labor Code § 203, where such pay and/or penalties were due each of the class

27    members during the Class Period, commencing four (4) years prior to filing of this complaint,

28    according to proof.

CLASS ACTION COMPLAINT

64.     This cause of action is brought as a cumulative remedy as provided in Business and Professions Code § 17205, and is intended as an alternative remedy for restitution for Plaintiff, each Plaintiff Class member and each Plaintiff Sub-Class member for the time period, or any portion thereof, commencing within four (4) years prior to the filing of this complaint, and as the primary remedy for Plaintiff, each Plaintiff Class member and each Plaintiff Sub-Class member for the time period of the fourth year prior to the filing of this complaint, as such one year time period exceeds the statute of limitations on statutory wage claims.

65.     As a result of the Defendants' unlawful and unfair business practice of failing to pay reimbursement for expenditures and losses in violation of Labor Code §§ 201 and 202, each Plaintiff Class member and Sub-Class member has suffered damages and is entitled to restitution in an amount according to proof.

66.     As a result of the Defendants' unlawful and unfair business practice of failing to pay overtime and prompt payment of wages in violation of Labor Code §§ 201 and 202, each Plaintiff Class member and Sub-Class member has suffered damages and is entitled to restitution in an amount according to proof.

67.     Further, Plaintiff requests the violations of the Defendants alleged herein be enjoined, and other equitable relief as this court deems proper including an order to reimburse Plaintiff and Plaintiff Class members for expenses or losses incurred, for the reclassification of Class Members to non-exempt status, and requiring and furnishing rest and meal periods and requiring payment by the Defendants of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare, Unemployment Insurance or other appropriate payments.

Wherefore, Plaintiff, Plaintiff Class and the Plaintiff Sub-Class members request relief as hereinafter prayed for.

///

///

///

///

16

## EIGHTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

**(Plaintiff and each Plaintiff Class and Sub-Class member against each Defendant)**

68. Plaintiff incorporates paragraphs 1 through 67 as though fully set forth herein.

69. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff and members of the proposed Class.

70. As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the Class she seeks to represent are entitled to actual damages or penalties not to exceed $4000 for each employee pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

Wherefore, Plaintiff and the Class she seeks to represent request relief as described below.

## NINTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION

**(Plaintiff and each Plaintiff Class and Sub-Class member against each Defendant)**

71. Plaintiff incorporates paragraphs 1 through 70 as though fully set forth herein.

72. Sections 201 and 202 of the California Labor Code require Defendants to pay employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

73. As alleged above, Plaintiff and the Class she seeks to represent are entitled to compensation for unprovided rest periods and unprovided or improperly provided meal periods but to date have not received such compensation.

17

74.     More than 30 days have passed since certain Class Members have left Defendants' employ.

75.     As a consequence of Defendants' willful conduct in not paying wages owed, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages, together with interest thereon and attorneys' fees and costs.

76.     WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

## VII.

## **PRAYER FOR RELIEF**

**Wherefore, Plaintiff, on her own behalf and on behalf of the Plaintiff Class and Plaintiff Sub-Class prays as follows:**

1.      That the court determine this action may be maintained as a class action and certify the Plaintiff Class and each Plaintiff Sub-Class;

2.      That the court determine that the failure of the Defendants to reimburse Plaintiff and each Plaintiff Class member for work-related expenditures and losses be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

3.      That the Defendants be ordered to pay and judgment be entered for expense reimbursements for Plaintiff and each Plaintiff Class member on the First Cause of Action, according to proof;

4.      That the court determine that the failure of the Defendants to pay overtime compensation to Plaintiff and each Plaintiff Class member be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

5.      That the Defendants be ordered to pay and judgment be entered for overtime wages for Plaintiff and each Plaintiff Class member on the Second Cause of Action, according to proof;

6.      That the Defendants be ordered to pay and judgment be entered for meal period pay on the Third Cause of Action, according to proof;

7.      That the Defendants be ordered to pay and judgment be entered for rest period pay

18

1    on the Fourth Cause of Action, according to proof;

2        8.    That Defendants be found to have breached their oral agreement to provide meal

3    periods and rest breaks;

4        9.    That the Defendants be found to have engaged in unfair competition in violation

5    of Business and Professions Code § 17200;

6        10.    That the Defendants be ordered and enjoined to pay restitution to Plaintiff, each

7    Plaintiff Class member and each Plaintiff Sub-Class member due to the Defendants' unlawful

8    and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully

9    withheld wages according to proof, and interest thereon pursuant to Business and Professions

10   Code §§ 17203 and 17204, on the Fifth Cause of Action;

11       11.    That Defendants be enjoined from further acts of unfair competition and

12   specifically from failing to pay overtime compensation and failing to provide rest and meal

13   periods to class members on the Fifth Cause of Action;

14       13.    That the Defendants be ordered to pay and judgment be entered for Labor Code

15   §203 penalties to Plaintiff and each Plaintiff Sub-Class member on the Seventh Cause of Action,

16   according to proof;

17       14.    That Plaintiff, Plaintiff Class Plaintiff Sub-Class members be awarded Attorneys

18   fees and costs pursuant to statute, including but not limited to Labor Code § 1194 and Code of

19   Civil Procedure § 1021.5;

20       15.    Otherwise determine the appropriate remedy to compensate Plaintiff, each

21   Plaintiff Class and each Sub-Class member as required to promote fairness and justice, including

22   but not limited to establishing procedures for compensation, compensation amounts and fluid

23   recovery if appropriate;

24   ///

25   ///

26   ///

27   ///

28   ///

1    16.    Prejudgment Interest; and

2    17.    Any other relief as this court deems proper.

3                                          COHELAN & KHOURY
                                           Counsel for Plaintiff
4

5    Dated: December 22, 2005              By: _____
6                                               Isam C. Khoury

7

8

9

10

11

12

13                        **DEMAND FOR JURY TRIAL**

14    Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

15                                         COHELAN & KHOURY
                                           Counsel for Plaintiff
16

17   Dated: December __, 2005              By: _____
18                                              Isam C. Khoury

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

JS44
(Rev. 07/89)

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Laura Filion

**DEFENDANTS**

Ethan Allen Retail Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Los Angeles
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Michael D. Singer, Esq. SBN 115301
COHELAN & KHOURY
605 C Street, Suite 200
San Diego, CA 92101
(619) 595-3001

**ATTORNEYS (IF KNOWN)**

'05 CV 2340 H   JMA

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Plaintiff is filing a class action against her former employer for violating California Labor law. Defendant failed to provide rest and meal periods, engaged in unfair business practices, and failed to provide wages due at termination.     28 USC section 1332

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Condition | | | |

28.1332FL

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

DATE December 23, 2005

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:16pm)

119819   $250.00