FILED
SEP - 5 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FILION, on behalf of herself and all others similarly situated, | Case No. 05-CV-2340-H (JMA) |
| Plaintiff, | **CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |
| v. | (Fed. R. Civ. P. 16) |
| ETHAN ALLEN RETAIL INC., et al., | (Local Rule 16.1) (Fed. R. Civ. P. 26) |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on September 1, 2006 at 9:30 a.m. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. Counsel for the parties advised the Court that they intend to file a joint motion to stay this action pending the California Supreme Court's determination in two cases presently before that court of the statute of limitations applicable to

1 claims asserted under Cal. Labor Code § 226.7 for missed meal
2 breaks and rest periods. The joint motion to stay this action
3 shall be filed on or before **October 6, 2006**.
4     2.   The following schedule shall govern the pretrial
5 proceedings in this case pending a ruling on the parties'
6 forthcoming motion to stay the action. In the event the parties'
7 motion is granted, appropriate adjustments to the pretrial
8 schedule will be made at a later date.
9     3.   Any motion to join other parties, to amend the
10 pleadings, or to file additional pleadings shall be filed on or
11 before **October 30, 2006**.
12     4.   A telephonic Case Management Conference shall be held
13 before Magistrate Judge Adler on **December 4, 2006** at **9:30 a.m.**
14 Counsel for each party shall appear telephonically at this
15 conference. The Court will initiate the conference call.
16     5.   Plaintiff's motion for class certification shall be
17 <u>filed</u> on or before **June 25, 2007**. The motion for class
18 certification will not be heard or calendared unless counsel for
19 the moving party has obtained a motion hearing date from the law
20 clerk of the Honorable Marilyn L. Huff. **Be further advised that**
21 **<u>the period of time between the date you request a motion date and</u>**
22 **<u>the hearing date may be up to three or more months. Please plan</u>**
23 **<u>accordingly</u>**. For example, you may need to contact Judge Huff's
24 law clerk three or more months in advance of the motion cutoff to
25 calendar the motion. Failure to timely request a motion date may
26 result in the motion not being heard. <u>Motions will not be heard</u>
27 <u>on the above date unless you have obtained that date from the</u>
28 <u>judge's law clerk</u>.

Questions regarding this case should be directed to the judge's law clerk. The Court draws the parties' attention to Local Rule 7.1(e)(4) which requires that the parties allot <u>additional time for service of motion papers by mail</u>. Papers not complying with this rule shall not be accepted for filing.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

6. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **October 27, 2007**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **December 7, 2007**. On or before **December 21, 2007**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of

///

the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

7.   All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **January 18, 2008**.  Any contradictory or rebuttal information shall be disclosed on or before **February 15, 2008**.  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

8.   All discovery shall be completed by all parties on or before **March 14, 2008**.  "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into

1 | account the times for service, notice, and response as set forth
2 | in the Federal Rules of Civil Procedure.  **All disputes concerning**
3 | **discovery shall be brought to the attention of Magistrate Judge**
4 | **Adler no later than thirty (30) days following the date upon**
5 | **which the event giving rise to the dispute occurred.  For oral**
6 | **discovery, the event giving rise to the discovery dispute is the**
7 | **completion of the transcript of the affected portion of the**
8 | **deposition.  For written discovery, the event giving rise to the**
9 | **discovery dispute is the service of the response.  Counsel are**
10 | **required to meet and confer prior to contacting the Court**
11 | **regarding all discovery disputes pursuant to the requirements of**
12 | **Local Rules 16.5(k) and 26.1(a).**
13 |     9.   All motions, other than motions to amend or join
14 | parties, or motions in limine, shall be _filed_ on or before **April**
15 | **18, 2008.**[1]  Motions will not be heard or calendared unless
16 | counsel for the moving party has obtained a motion hearing date
17 | from the law clerk of the judge who will hear the motion.  **Be**
18 | **advised that the period of time between the date you request a**
19 | **motion date and the hearing date may be up to sixty (60) days.**
20 | **Please plan accordingly.**  Failure of counsel to timely request a
21 | motion date may result in the motion not being heard.
22 |     Briefs or memoranda in support of or in opposition to any
23 | pending motion shall not exceed twenty-five (25) pages in length
24 | without leave of the judge who will hear the motion.  No reply
25 | ///
26 |
27 |     [1]Counsel should note that while historically motion cutoff
28 | deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to _file_ motions.

memorandum shall exceed ten (10) pages without such leave of court.

10. A Mandatory Settlement Conference shall be conducted on **July 18, 2008** at **10:00 a.m.** in the chambers of Magistrate Judge Adler. Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **July 11, 2008**. The parties may either submit confidential settlement statements or may exchange their settlement statements. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>. <u>The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)),</u>

1 **and 3) negotiate a settlement without being restricted by any**
2 **predetermined level of authority (*Nick v. Morgan's Foods, Inc.*,**
3 **270 F.3d 590, 596 (8th Cir. 2001)).**
4   Governmental entities may appear through litigation counsel
5 only.  As to all other parties, appearance by litigation counsel
6 only is not acceptable.  Retained outside corporate counsel shall
7 not appear on behalf of a corporation as the party who has the
8 authority to negotiate and enter into a settlement.  **The failure**
9 **of any counsel, party or authorized person to appear at the**
10 **Mandatory Settlement Conference as required shall be cause for**
11 **the immediate imposition of sanctions.**  All conference
12 discussions will be informal, off the record, privileged, and
13 confidential.
14   11.  If Plaintiff is incarcerated in a penal institution or
15 other facility, the Plaintiff's presence is not required at
16 conferences before Judge Adler, and the Plaintiff may appear by
17 telephone.  In that case, defense counsel is to coordinate the
18 Plaintiff's appearance by telephone.
19   12.  Counsel shall serve on each other and file their
20 Memoranda of Contentions of Fact and Law and take any other
21 action required by Local Rule 16.1(f)(2) on or before **August 4,**
22 **2008**.  On or before this date, the parties must also comply with
23 the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3).
24   13.  Counsel shall confer and take the action required by
25 Local Rule 16.1(f)(4) on or before **August 11, 2008**.
26   14.  The Proposed Final Pretrial Conference order, including
27 written objections, if any, to any party's Fed. R. Civ. P.
28 26(a)(3) pretrial disclosures, shall be prepared, served, and

lodged with the Clerk's Office on or before **August 18, 2008** and shall be in the form prescribed in Local Rule 16.1(f)(6). Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

15. The final Pretrial Conference is scheduled on the calendar of the Honorable Marilyn L. Huff on **August 25, 2008** at **10:30 a.m.** The trial date will be assigned by the district judge at the pretrial conference.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 1, 2006

JAN M. ADLER
United States Magistrate Judge

COPY TO:

HONORABLE MARILYN L. HUFF
U.S. DISTRICT JUDGE

ALL COUNSEL OF RECORD